1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     ZACHARY LLOYD KALSO,                    No.  2:24-cv-00467-CKD

12                   Plaintiff,

13          v.                                 ORDER

14     RUPP, et al.,

15                   Defendants.

16

17          Plaintiff is a former county inmate proceeding without counsel who seeks relief pursuant

18  to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19  U.S.C. § 636(b)(1).

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21  declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23  1914(a), 1915(b)(1).

24          **I.      Screening Requirement**

25          The court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8   Cir. 1989); Franklin, 745 F.2d at 1227.

9        In order to avoid dismissal for failure to state a claim a complaint must contain more than

10  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

11  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

14  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

15  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

17  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

18  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

19  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

20  U.S. 232, 236 (1974).

21       **II.       Allegations in the Complaint**

22       On January 10, 2024, Deputy Rupp, the defendant in this action, grabbed plaintiff and

23  dragged him out of the courtroom in the Butte County Superior Court while plaintiff was

24  attempting to present motions on his own behalf.  By way of relief, plaintiff seeks a protective

25  order against the Butte County Sheriff's Department, monetary compensation, punitive damages,

26  and a change of venue in his criminal case.

27       **III.      Legal Standards**

28       The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

1  punishment on inmates which has been defined as "the unnecessary and wanton infliction of

2  pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).   "[W]henever prison officials stand accused

3  of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

4  core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore

5  discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7

6  (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's

7  injury, the need for application of force, the relationship between that need and the amount of

8  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

9  temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and

10 citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment

11 inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to

12 cause harm always violates contemporary standards of decency in violation of the Eighth

13 Amendment.  Whitley, 475 U.S. at 327.

14 **IV.    Analysis**

15      The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

16 which relief can be granted under federal law.  The complaint does not provide sufficient detail to

17 determine whether defendant applied physical force in a good-faith effort to restore discipline, or

18 maliciously and sadistically to cause harm.  See Hudson, 503 U.S. at 7.  Indeed, plaintiff does not

19 even allege that defendant purposefully caused him harm.  As a result, plaintiff does not

20 sufficiently plead an Eighth Amendment excessive force claim against defendant Rupp.

21 Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended

22 complaint.

23 **V.    Standards Governing Amended Complaints**

24      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

25 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

26 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

27 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

28 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.**    **Plain Language Summary for Party Proceeding Without Counsel**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendant.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff's complaint is dismissed.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."

/////

/////

4

4.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  August 7, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kals0467.14